IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ANDREW RUSSEL and
BRANDON GABBERT                                                                            PLAINTIFFS

v.                                              Case No. 1:21-cv-1026

YATES CONSTRUCTION, LLC
and DENVER PIGG                                                                             DEFENDANTS

## ORDER

Before the Court is Defendants' Motions to Exclude Expert Testimony.  ECF Nos. 25 and 27.  Plaintiffs have not responded, and the time to do so has elapsed.  *See* Local Rule 7.2(b).  The Court finds the matter ripe for consideration.

## BACKGROUND

Plaintiffs initially filed their complaint against Defendants Yates Construction, LLC ("Yates") and Denver Pigg ("Pigg") in the Calhoun County, Arkansas Circuit Court.  ECF No. 3. Plaintiffs brought a claim of negligence against Defendants related to a vehicle collision on U.S. Highway 167 in Calhoun County.  *Id*.  Defendants removed the matter to this Court on May 28, 2021.  ECF No. 2.  The trial in this matter was initially scheduled to commence on July 11, 2022. ECF No. 10.

On December 22, 2021, Defendants moved to continue the matter and extend discovery deadlines, contending that Plaintiff Brandon Gabbert's claimed traumatic brain injury would require substantial discovery involving retained experts and that more time would be needed to accommodate that discovery.  ECF No. 14.  The Court subsequently granted that motion to continue and extend deadlines (ECF No. 15) and set the new trial date in this matter for October 31, 2022 (ECF No. 16).  The new scheduling order set the deadline for expert disclosures on April

4, 2022, set the end of discovery on July 3, 2022, and required that depositions of expert witnesses be completed within the time allowed for discovery. ECF No. 16, p. 2. Plaintiffs' Initial Disclosures and Supplemental initial Disclosures stated that they had retained Drs. Ralph Scott, Tanya Rutherford Owen, and Garret Andrews as expert witnesses. ECF Nos. 25-1 and 25-2. However, Plaintiffs did not produce an expert report by Dr. Scott until August 4, 2022, and did not produce an expert report from Dr. Andrews until September 7, 2022. ECF Nos. 27-2 and 27-3.

## DISCUSSION

On September 8, 2022, Defendants each filed a motion to exclude the use of Plaintiffs' experts' testimony at trial. ECF Nos. 25 and 27. Defendants note that Plaintiffs did not make expert disclosures by the April 4, 2022, deadline for expert disclosures or by the July 3, 2022, deadline for the close of discovery. ECF No. 26, p. 2-4; ECF No. 28, p. 3-4. Defendant Yates argues that Plaintiffs' failure to comply with Fed. R. Civ. P. 16's requirements for meeting court deadlines should lead to the exclusion of Plaintiffs' experts' testimony. ECF No. 26, pp. 2-3, 5. Defendant Pigg argues that Plaintiffs' failures to comply with expert disclosure requirements under Fed. R. Civ. P. 26(a)(2) and the Court's scheduling order should result in the expert disclosures being excluded from trial under Fed. R. Civ. P. 37(c)(1). ECF No. 28, p. 4-6. Defendant Pigg also argues that the late expert disclosures (ECF Nos. 27-2 and 27-3) are substantively deficient for not including the information required under Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). ECF No. 28, p. 3-4.

"Federal Rule of Civil Procedure 26(a) requires litigants to make certain disclosures. Subsection (a)(2) governs the disclosure of witnesses that may be used to present expert testimony at trial, requiring that 'a party must disclose to the other parties the identity of any witness it may use at trial to present' expert testimony." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018). The rule "provides that a party must disclose the identity of any

expert witness along with a written report of such expert" by the deadline imposed by the court's scheduling orders. *Petrone v. Werner Enterprises, Inc.*, 940 F.3d 425, 434 (8th Cir. 2019). The disclosure of expert reports is meant for "the elimination of unfair surprise to the opposing party and the conservation of resources." *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995). "[F]ailure to disclose in a timely manner is equivalent to failure to disclose[.]" *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998) (citing *Sylla-Sawdon*, 47 F.3d at 284).

"The disclosure mandates in Rule 26 are given teeth by the threat of sanctions in Rule 37." *Vanderberg*, 906 F.3d at 702 (citation omitted). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).[1] "'The power of the trial court to exclude exhibits and witnesses not disclosed in compliance with its discovery and pretrial orders is essential' to judicial management of the case." *Sylla-Sawdon*, 47 F.3d at 284 (quotation omitted). When considering the appropriate remedy for a failure to comply with disclosure deadlines, a court should consider "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). "[T]he district court's discretion narrows as the severity of the sanction or remedy it elects increases." *Id*.

---

[1] Rule 37 also creates the potential for other sanctions for failure to adhere to a disclosure deadline: "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: may order payment of the reasonable expenses, including attorney's fees, caused by the failure; may inform the jury of the party's failure; and may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1)(A)-(C).

The Court finds that Plaintiffs' retained expert testimony should be excluded from use at trial. Plaintiffs clearly did not comply with the Court's order to disclose expert reports by April 4, 2022. Plaintiffs' earliest expert disclosure was made on August 4, 2022. This expert disclosure was required by Rule 26(a)(2) and thus subject to exclusion at trial for late disclosure pursuant to Rule 37(c)(1). *See Vanderberg*, 906 F.3d at 702-04. Plaintiffs have not responded to Defendants' motions to exclude their experts' testimony, so the Court is unable to evaluate whether this late disclosure is "substantially justified" under Rule 37(c)(1). The Court only has Plaintiffs' non-compliance with the expert disclosure deadline and their unwillingness or disinterest in responding to the instant motions to provide any justification for that late disclosure.

Considering the factors to evaluate the appropriate sanction, the Court does not know what reason Plaintiffs have for their non-compliance or the importance of their experts' testimony to their claims. *Wegener*, 527 F.3d at 692. As the court in *Vanderberg* determined, the lack of any offered reason by a non-compliant party is adequate to conclude that the failure to disclose was not "justified." 906 F.3d at 704. Also, while lesser sanctions than exclusion should be considered if exclusion would functionally end a plaintiff's claims, *Heartland Bank v. Heartland Home Fin., Inc.*, 335 F.3d 810, 817 (8th Cir.2003), Plaintiffs in this matter have failed to inform the Court how critical these experts are to their claims. As for prejudice to Defendants, they have stated that this late disclosure did not permit a deposition of the experts within the discovery period as required by the Court's scheduling order. *Wegener*, 527 F.3d at 692. The Eighth Circuit has determined that it is not appropriate to require that a party "read between the lines" of productions and other disclosures in determining who the retained experts might be and depose them even though their expert reports were not timely disclosed. *Vanderberg*, 906 F.3d at 703-04. While excluding evidence is a "harsh penalty and should be used sparingly," *ELCA Enters. v. Sisco Equip. Rental*

*& Sales*, 53 F.3d 186, 190 (8th Cir.1995), the complete lack of justifications offered by Plaintiffs for their failure leads the Court to conclude that exclusion of the expert witness testimony of Drs. Scott and Andrews at trial is the appropriate sanction in this circumstance. *See Vanderberg*, 906 F.3d at 703-04. Because the Court has determined to exclude the expert testimony for not adhering to the disclosure deadline, it declines to consider any inadequacies of Drs. Scott and Andrews' reports under Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

## CONCLUSION

For the reasons stated above, the Court finds that Defendants' Motions to Exclude Expert Testimony (ECF Nos. 25 and 27) should be and hereby are **GRANTED**. Plaintiffs are hereby **BARRED** from presenting the testimony of experts Dr. Ralph Scott and Dr. Garret Andrews at the trial in this matter.

**IT IS SO ORDERED**, this 4th day of October, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge